UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK FLETCHER,<br><br>            Petitioner,<br><br>   v.<br><br>ERIC ARNOLD,<br><br>            Respondent. | No.  2:14-cv-1492 JAM KJN P<br><br><br>ORDER |

      Petitioner is a state prisoner, proceeding pro se, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a prison disciplinary conviction for conspiracy to introduce a controlled substance into a state prison, resulting in a180 day credit forfeiture.  Petitioner seeks habeas relief on the grounds that prison officials allegedly violated his due process rights during the disciplinary process.

      On August 5, 2014, the court directed respondent to file a response to the habeas petition. (ECF No. 6.)  On November 3, 2014, after being granted an extension of time, respondent filed an answer.  (ECF No. 13.)  Petitioner, despite being granted an extension of time by the court, did not file a traverse.

I. Intervening Change in the Law

      Recently, the United States Court of Appeals for the Ninth Circuit clarified that a claim challenging prison disciplinary proceedings is cognizable in habeas only if it will "'*necessarily*

1

spell speedier release' from custody, meaning that the relief sought will either terminate custody, accelerate the future date of release from custody, or reduce the level of custody." Nettles v. Grounds, __ F. 3d __, 2015 WL 3406160 at *1, 2015 U.S. App. LEXIS 8825 at *4 (9th Cir. May 28, 2015) (quoting Skinner v. Switzer, 562 U.S. 521, 535 n. 13 (2011)) (emphasis added by Nettles) (citing Wilkinson v. Dotson, 544 U.S. 74, 86 (2005) (Scalia, J., concurring)). The panel emphasized that prior circuit precedent applying the standard more generously is no longer valid. Id.[1]  Applying Skinner, the Ninth Circuit held that the district court lacked jurisdiction over the discipline-related claim of a California inmate serving an indeterminate life sentence, who had not yet been found suitable for parole. Under these circumstances, the court found, expungement of the disciplinary finding or restoration of lost good-time credits would not necessarily accelerate the inmate's release. Nettles, 2015 WL 3406160 at *9, 2015 U.S. App. LEXIS 8825 at *29. Accordingly, the Nettles petitioner's challenge to the prison disciplinary was not cognizable in habeas. Id.

II. Analysis

The court must determine whether to, in light of Nettles, permit petitioner to proceed on his petition for writ of habeas corpus, or else to dismiss the petition without prejudice to petitioner's filing of a civil rights complaint under 42 U.S.C. § 1983 based on the same factual predicate.

Based on certain contentions in respondent's answer, it appears that dismissal under Nettles may be warranted. Respondent contends that petitioner is serving an indeterminate life term with the possibility of parole for a 1986 murder conviction, that petitioner's minimum eligible parole date was October 30, 1997, and that, as the duration of petitioner's remaining term in prison is subject to a future determination by the California Board of Parole Hearings, the forfeiture of his good-time credits "will not impact when he is released from prison." (Answer, ECF No. 13 at 6.) If the contentions set forth by respondent are accepted as true, Nettles would

---

[1] "To the extent our cases have indicated that the writ of habeas corpus may extend to claims that, if successful, would merely be likely to or have the potential to lead to a speedier release, they are superseded by the Supreme Court's rulings." Id.

require dismissal of the instant petition, as granting petitioner habeas relief and reversing his disciplinary conviction would not "necessarily spell speedier release from custody." Nettles, 2015 WL 3406160 at *1, 2015 U.S. App. LEXIS 8825 at *4.

As petitioner failed to file a traverse, the court has not, as yet, heard petitioner's view of the argument set forth by respondent. The court will therefore grant petitioner an opportunity to brief the issue before deciding whether dismissal is warranted.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty-eight days of entry of this order, petitioner is directed to file a brief addressing whether the operative petition for writ of habeas corpus should be dismissed for lack of subject matter jurisdiction. Petitioner is advised that his briefing should address both (a) the merits of the contentions raised by respondent on pages 5-6 of respondent's answer and (b) the applicability of the Nettles decision to the facts of the petition (that is, whether granting the requested habeas relief will "necessarily spell speedier relief from custody" for petitioner). Petitioner's brief may be no longer than 10 pages in length, except that he may attach supporting exhibits of any length to his brief. If petitioner files a brief, respondent is directed to file a response that is no longer than 10 pages in length (exclusive of any exhibits) within fourteen days thereafter. The parties are reminded that they may reference previously-filed exhibits in their briefing instead of filing new copies of exhibits with the court. Petitioner is advised that his failure to file a brief as ordered herein will be interpreted as consent to dismissal of this petition pursuant to Nettles.

2. The Clerk of the Court is directed to serve a copy of Nettles v. Grounds, __ F. 3d __, 2015 WL 3406160, 2015 U.S. App. LEXIS 8825 (9th Cir. May 28, 2015) on petitioner.

Dated: June 26, 2015

_[signature]_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3